IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02590-REB-MEH

JOAN P. FAUGHNAN and
THOMAS FAUGHNAN,

    Plaintiffs,
v.

UNICO HOLDINGS, INC., and
WALGREEN CO.,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 5, 2008.**

    Pending before the Court is Plaintiffs' Motion to Compel Defendant Unico to Respond to Plaintiffs' First Combined Requests for Admission, Interrogatories and Requests for Production [filed May 2, 2008; doc #20]. Plaintiff requests that the Court compel Defendant Unico to respond to interrogatories, requests for admission and requests for production of documents that number more than 25 "each side" as set forth in the Scheduling Order. Plaintiff argues: "That this Court chose the word 'side' instead of 'party' cannot reasonably be interpreted to limit the parties on each side of the 'v.' to 25 interrogatories combined." Motion at 3.

    However, Plaintiffs' and Defendants' counsel drafted, executed and submitted the proposed scheduling order, providing the very language to which Plaintiffs now object. *See* doc. 16. During the Scheduling Conference, this Court asked both counsel whether they had any objections to the written discovery parameters set forth in the proposed order; both counsel answered, "No."

    Moreover, the particular provision at issue in this motion specifically allows the parties, if they wish, to provide "modifications" or "limitations" on the presumptive number of discovery requests contained in the federal rules. Doc. 19 at ¶ 8(h)(3) & (4). Here, the parties chose to modify the presumptive number of interrogatories (25 per party) by stating that "each side is limited to 25 interrogatories." *See id.* at ¶8(h)(3). At the same time, the parties specifically stated in the proposed order that "each side is limited to 25 document requests and 25 requests for admission." *See id.* at ¶8(h)(4). It is the uniform practice of this Court to distinguish between the word "side" and "party" when addressing discovery limits, and to give each word its ordinary meaning. Therefore, the parties are limited to 25 interrogatories, requests for production and requests for admission per side of the "v." As set forth in the Scheduling Order, additional interrogatories, document requests and requests for admission "will be allowed only with leave of Court." *Id.* Of course, a Scheduling Order can be amended with a showing of good cause. The Court has no desire to multiply the cost of litigation but does have a great interest in enforcing the reasonable interpretation of its orders.

    Therefore, the Court **denies** Plaintiffs' Motion to Compel.