IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02590-REB-MEH

JOAN P. FAUGHNAN and
THOMAS FAUGHNAN,

    Plaintiffs,

v.

UNICO HOLDINGS, INC., and
WALGREEN CO.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Motion for a Protective Order and to Modify Scheduling Order [filed September 3, 2008; docket #25]. According to Plaintiffs, their request to modify the Scheduling Order is unopposed. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the motion is **granted in part and denied in part**.

    In essence, Plaintiffs request an order preventing three depositions from taking place in September and extending the discovery cutoff so that such depositions may be taken instead in October. Plaintiffs assert that, because their counsel must attend a motions hearing in West Virginia on Friday, September 12, 2008 at 3:30 p.m., it would be "impossible" for counsel to attend the depositions of Plaintiffs' expert witnesses that are set to occur on Monday, September 8, 2008 in Los Angeles, on Friday, September 12, 2008 in Colorado (by telephone to Stamford, CT), and on Tuesday, September 16, 2008 in Scottsdale, AZ. Plaintiffs contend that West Virginia "is just not an easy place to get into and out of."

    The decision to issue a protective order rests within the sound discretion of the trial court.

*Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir. 1990). A protective order may issue upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c) (2008). The "good cause" standard is not satisfied by conclusory statements. *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003). Rather, "the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party."(citing *Exum v. United States Olympic Committee,* 209 F.R.D. 201, 206 (D. Colo. 2002)).

Here, the Court finds that Plaintiffs have established sufficient cause to prevent the September 12, 2008 deposition, but have failed to demonstrate good cause to stop the other depositions from proceeding as properly noticed. Therefore, Plaintiff's motion for protective order is **granted** as to the September 12, 2008 deposition, but is **denied** as to the September 8, 2008 and September 16, 2008 depositions.

In addition, Plaintiffs move for an order modifying the Scheduling Order to extend the discovery cutoff and dispositive motions deadlines in this case. Plaintiffs request an additional 75 days within which to take the three depositions at issue in this case, as well as the depositions of the Defendants' rebuttal experts. Plaintiffs' request is unopposed, but they fail to articulate any "cause" for such an extensive time period. The proposed extension fails to address the fact that the discovery cutoff will occur *after* the Final Pretrial Conference in this matter, and that the dispositive motion deadline occurs just one month before the Trial Preparation Conference before Judge Blackburn (the trial is to occur on March 9, 2009). The Court finds Plaintiffs' proposal unworkable.

Therefore, the Court will **grant** Plaintiffs' request for an extension of time as follows:

Discovery Cutoff:  November 3, 2008
Dispositive Motion deadline: December 1, 2008

All other deadlines and conference dates shall remain the same.

2

Accordingly, for the reasons stated above, the Court ORDERS that Plaintiffs' Motion for a Protective Order and to Modify Scheduling Order [filed September 3, 2008; docket #25] is **granted in part and denied in part** as set forth herein.

Dated at Denver, Colorado this 4th day of September, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge